IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| v. | * | **CRIMINAL NO. JKB-11-0398** |
| **EVAN FOREMAN,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Evan Foreman pleaded guilty to Counts One and Eleven of the Third Superseding Indictment, which charged Hobbs Act conspiracy in violation of 18 U.S.C. § 1951 and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). (ECF No. 152.) Pending before the Court is Foreman's 28 U.S.C. § 2255 Motion. (ECF No. 238.)[1] Foreman makes several arguments in support of his Motion, all of which relate to ineffective assistance of counsel. The Motion will be denied.

**I. Legal Standard**

28 U.S.C. § 2255 allows a federal prisoner to move to set aside a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The movant in a § 2255 proceeding bears the burden of proving his entitlement to relief by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Though a court must

---

[1] The Office of the Federal Public Defender had supplemented this Motion, but subsequently withdrew those supplements pursuant to Federal Rule of Civil Procedure 41(a)(1). (ECF No. 287.)

hold a hearing when the movant raises a genuine dispute of fact, the court need not do so where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b)

"[H]abeas review is an 'extraordinary remedy' that should not take the place of an appeal. As a result, 'the circumstances under which a guilty plea may be attacked on collateral review' are 'strictly limited.'" *United States v. Herrera-Pagoada*, 14 F.4th 311, 318 (4th Cir. 2021) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). In addition, "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). However, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

## II.  Analysis

Foreman makes several arguments in support of his § 2255 Motion, all of which relate to ineffective assistance of counsel. To obtain relief under § 2255 on a theory of ineffective assistance of counsel, a petitioner has the burden of demonstrating (1) that he received ineffective assistance of counsel; and (2) that he was prejudiced by that ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Proving the first element requires "overcoming the strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021) (citation and quotations omitted). Proving the second element requires showing that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Strickland*, 466 U.S. at 694. The same two-part test stated in *Strickland* applies when a claim of ineffective assistance of counsel is made against an appellate lawyer. *See Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000). Foreman challenges his counsels' representation on various fronts. However, none of his arguments are meritorious, and his Motion must be denied.

### A. Speedy Trial

Foreman avers that his counsel was deficient for failing to file a motion to dismiss based on a violation of the Speedy Trial Act. (ECF No. 238-1 at 5–6.) Foreman explains that the Government delayed more than 30 days between arrest and indictment and further delayed 70 days after indictment, and that his counsel's failure to file a motion to dismiss the indictment as a result of these delays fell below an objective standard of reasonableness. (ECF No. 238-1 at 5–6.)

It does not appear that the Speedy Trial Act was violated in this case. But even assuming for purposes of this Motion that there was such a violation, Foreman's counsel *did* file a motion relating to the Speedy Trial Act raising concerns regarding a speedy trial and seeking for Foreman to be severed from his co-defendants and to set an earlier trial date. (ECF No. 76.) The Court therefore cannot conclude that his counsel's conduct fell below an objective standard of reasonableness.

Further, even if Foreman could show a violation of the Speedy Trial Act and a corresponding failure of performance by his counsel, Foreman fails to demonstrate prejudice, as any dismissal of the indictment would have been without prejudice.[2] "If there is a violation of the Act, upon counsel's motion, the indictment must be dismissed, although the trial court has the

---

[2] Further, the statute provides that "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162.

3

discretion to determine whether the dismissal is with or without prejudice." *United States v. Thomas*, 305 F. App'x 960, 963 (4th Cir. 2009) (citing 18 U.S.C. § 3162(a)(2)). "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1). Here, any dismissal would have been without prejudice. The crimes at hand were very serious, any hypothetical dismissal would have been due to a short delay, and the impact to the administration of justice would have been slight. Therefore, Foreman was not prejudiced by counsel's failure to raise the issue. *See Thomas*, 305 F. App'x at 964 (explaining that "[t]he length of delay, the seriousness of the narcotics and firearm charges, and the lack of evidence of prosecutorial neglect or misconduct causing the delay would have, at most, resulted in a dismissal without prejudice," finding that "counsel's failure to raise the issue was not prejudicial," and affirming the denial of a § 2255 petition); *see also Merica v. United States*, Crim. No. 7:07-00350, 2007 WL 4561298, at *3 (W.D. Va. Dec. 21, 2007) (collecting cases).

### B. Fourth Amendment

Foreman also argues that his counsel was ineffective for failing to file a motion to suppress evidence seized in violation of the Fourth Amendment. (ECF No. 238 at 5; ECF No. 238-1 at 7.) This argument fails. When an ineffective assistance of counsel claim "rests on trial counsel's failure to move to suppress evidence, establishing actual prejudice requires the petitioner to establish that the underlying claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Bone v. Polk*, 441 F. App'x 193, 198 (4th Cir. 2011).

4

As an initial matter, although Foreman argues that "no pre-trial motions were filed pertaining to the Fourth Amendment violations" (ECF No. 238-1 at 7), this is not so. Foreman's counsel filed two motions to suppress relating to statements made by Foreman, which raised Fourth Amendment arguments. (ECF Nos. 55, 56.)

Further, Foreman has established neither that his Fourth Amendment claim is meritorious nor that the outcome would have been different if certain evidence had been suppressed. Although he references legal standards surrounding the requirements for conducting an investigatory stop (ECF No. 238 at 5), he identifies no such stop or evidence obtained as a result of such a stop, let alone evidence obtained in violation of his Fourth Amendment rights. Critically, Foreman does not explain what evidence should have been suppressed, how his Fourth Amendment rights were violated, or how exclusion of evidence would have changed the outcome of his case.[3] Further, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (citing *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

### C. Identification Procedures

Foreman's next argument relates to infirmities with respect to certain identification procedures. (ECF No. 238-1 at 8–9.) Foreman explains that his counsel was "not [] present at the identification procedures and fail[e]d to argue that [Foreman's] due process rights were violated." (*Id.*) He argues that "[t]he Sixth Amendment grants defendants the Right to Counsel during certain post-indictment identification procedures" and that "[t]he Due Process Clause of the Fifth Amendment prohibits the admission of identification testimony obtained from overly suggestive

---

[3] As the Government points out in its briefing, "[t]he plea agreement does state that law enforcement executed a search warrant at a residence, and that during that search, the petitioner threw a bag containing a gun out a window." (ECF No. 242 at 12.) However, the Court can discern no Fourth Amendment violation from these facts.

5

procedures that could lead to an irreparably mistaken identification." (*Id.*)

To the extent that Foreman is arguing that his counsel was deficient for failing to file a suppression motion with respect to any identification, he has not shown that any suppression motion would have been meritorious or that the grant of any such motion would have had an effect on his case. *See United States v. Taylor*, 54 F.4th 795, 803 (4th Cir. 2022) ("Where the claim of ineffective assistance is based on counsel's failure to file a suppression motion, in order to satisfy the prejudice prong, the movant must show (1) the suppression motion was meritorious and likely would have been granted, and (2) a reasonable probability that granting the motion would have affected the outcome of [his] trial." (citation, quotation, and alterations omitted).) Critically, Foreman has not pointed to any identification that was overly suggestive or at which his counsel should have been present or, indeed, any identifications at all. These allegations are too vague to support a § 2255 argument. *See Dyess*, 730 F.3d at 359. It is not clear what arguments Foreman contends his counsel failed to make, or how that failure prejudiced him, and this argument therefore fails.[4]

### D. Grand Jury

Next, Foreman argues that his counsel was ineffective "for failing to file a pretrial motion and argue that the prosecutor influenced the Grand Jury decision to indict, and there was 'grave doubt' that the decision to indict was free from the substantial influence of such violations." (ECF No. 238-1 at 10–11.) Foreman points to no facts or circumstances that reflect any impropriety by

---

[4] The only detail Foreman provides is that there was some improperly suggestive identification relating to "video surveillance." (*See* ECF No. 238-1 at 9 ("Counsel failed to perform this simple task, where some of the alleged suspect was on video surveillance in the robberies had a mask on and could not verify identification.").) He also cites to cases involving witness identifications. However, the Plea Agreement reflects that Foreman *identified himself* in the surveillance footage. (*See* ECF No. 152 at 6 ("The Defendant confessed to committing [a robbery on July 27, 2010] and signed a copy of a still image from the store's surveillance video to indicate that he was the individual wearing the blue and white striped polo"); *id.* at 7 ("The Defendant admitted to his participation in this attempted robbery and identified himself in still images capture from the video surveillance.").)

6

the prosecutor with respect to the grand jury. This is insufficient to overcome the "presumption of regularity attached to a grand jury's proceeding." *United States v. Alvarado*, 840 F.3d 184, 189 (4th Cir. 2016) (citations and alterations omitted). These allegations are again too vague to support a § 2255 argument, *see Dyess*, 730 F.3d at 359, and cannot support an ineffective assistance of counsel claim.

### E. Vindictive Prosecution

Foreman also argues that his counsel was ineffective for failing to raise and argue issues relating to vindictive prosecution. This argument appears to be premised on the Government's filing of superseding indictments. (*See* ECF No. 238-1 at 13 (explaining that "the constitutional rights that he exercised [were] his Fifth Amendment right against self-incriminating statement[s] and his right[] to trial" and that he exercised these rights "before and between the first indictment, second superseding indictment, third superseding indictment").)

Prosecutorial vindictiveness can be shown through direct evidence or by "evidence of circumstances from which an improper vindictive motive may be presumed." *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001). When a defendant seeks to invoke the presumption of vindictiveness, he "must show that the circumstances 'pose a realistic likelihood of vindictiveness.'" *Id.* (quoting *Blackledge v. Perry*, 417 U.S. 21, 27 (1974)). The presumption of vindictiveness will "will rarely, if ever, be applied to prosecutors' pretrial decisions." *Id.* at 315. Further, "the circumstances must be evaluated against the background presumption that charging decisions of prosecutors are made in the exercise of broad discretion and are presumed to be regular and proper." *Id.* at 318.

Foreman has not demonstrated any direct animus on the part of the prosecution,[5] nor has

---

[5] Foreman explains that "at the end of the January 4, 2013 sentencing hearing[,] the prosecutor filed a motion to have the original, the superseding, and the second superseding indictments dismissed, to actively cover up their

7

he presented any circumstances that would give rise to a presumption of improper vindictive motive. Without more, filing superseding indictments during pretrial phases and plea negotiations does not give rise to such a presumption. *United States v. Williams*, 47 F.3d 658, 661 (4th Cir. 1995) ("If a prosecutor brings additional charges after a defendant refuses to accept a plea bargain, a court cannot presume that the additional charges are an impermissible penalty for the defendant's refusal."); *United States v. Doty*, 832 F. App'x 174, 180 (4th Cir. 2020) ("Bringing new charges in a superseding indictment before trial fails to create a presumption of vindictiveness.").

Given these circumstances, Foreman's counsel was not deficient for failing to argue prosecutorial vindictiveness and Foreman cannot make the requisite showing of prejudice.

### F. Knowing and Intelligent Plea

Foreman makes several arguments suggesting that his plea was not knowing and intelligent and that his counsel failed to inform him of various circumstances. As described in more detail below, none of these claims are meritorious. To establish prejudice "[i]n the context of pleas[,] a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).

Foreman argues first that "counsel failed to inform him of the true nature of the charges against him" and that "[p]rior to the plea hearing, [Foreman's] counsel never informed him that to sustain its burden of proof . . . the government would need to prove the charges beyond a reasonable doubt." (ECF No. 238-1 at 19.) However, statements made during a Rule 11 plea colloquy carry a presumption of truthfulness and therefore, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively

---

misconduct." (ECF No. 238-1 at 14.) Far from evidencing a cover up, this is simply a routine procedure during the course of a guilty plea and sentencing, and was agreed to in the Plea Agreement. (ECF No. 152 at 10 ("At the time of sentencing, [the United States Attorney's Office for the District of Maryland] will move to dismiss any open counts against Defendant.").)

8

established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005). Further, "if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992).

Foreman's claims are belied by the plea hearing transcript and the Plea Agreement. The Plea Agreement and the plea hearing transcript reflect that Foreman was advised of the elements of the offenses to which he pleaded guilty, and that he was advised that the Government bears the burden of proving the elements of these offenses beyond a reasonable doubt to sustain a conviction. The Plea Agreement included the elements of the offenses to which Foreman pleaded guilty and indicated that the Government would have had the burden of proving that Foreman was guilty beyond a reasonable doubt. (ECF No. 152 at 2, 4, 5.) Foreman also agreed during the plea hearing that he had reviewed the Plea Agreement and that he was completely satisfied with his legal representation. (ECF No. 213 at 7–8.) During the hearing, the Court reviewed the elements of the crimes, and noted that the Government would be required to prove Foreman's guilt beyond a reasonable doubt. (*Id.* at 28–31 (the Court describing the elements of the crimes and asking Foreman whether he understood "that these are the essential elements of the offenses, and if the government could not prove each and every one of these elements beyond a reasonable doubt, to the unanimous satisfaction of the jury, then [he] could not be convicted of the respective count" to which Foreman responded in the affirmative).) Thus, these arguments fail.

Foreman also alleges that "[c]ounsel failed to inform [him] of a potential defense" and that

9

"[c]ounsel never informed [him] that the 924(c) gun charges were duplicity and multiplicity." (ECF No. 238-1 at 19.) Foreman's argument on this point is not clear, but does not appear to provide any basis for relief. It is true that Foreman was charged with multiple violations of § 924(c), but they were each predicated on different counts in the indictment, and he pleaded guilty to only one.[6]

Foreman alleges that "[c]ounsel never informed [him] that he could plead guilty to the charges that he confessed to, and go to trial on the other charges." (ECF No. 238-1 at 19.) As an initial matter, during the Rule 11 colloquy, Foreman indicated that he understood that he was not required to plead guilty and that he had the right to plead not guilty as to any of the charges. (ECF No. 213 at 25.) As noted above, statements made during a Rule 11 plea colloquy carry a presumption of truthfulness, and Foreman advances no evidence that to rebut this presumption. His argument therefore fails.

Further, even if true, this argument lacks merit. First, as the Government points out, "there is no evidence at all that the government would have assented to a plea agreement in this case in the absence of a complete admission by the petitioner of the relevant criminal conduct." (ECF No. 242 at 16.) Second, and most critically, it appears from the record that Foreman did indeed only plead guilty to those crimes he confessed to. The Plea Agreement's Statement of Facts reflects that "[a]fter his arrest, the Defendant provided a voluntary, post-*Miranda* statement to law enforcement in which he admitted to his participation *in each of these crimes*." (ECF No. 152 at 6 (emphasis added).) The Statement of Facts then goes on to detail each of the alleged robberies, indicating that Foreman confessed to each. (*Id.* at 6–7.) This argument is therefore also

---

[6] To the extent that Foreman is arguing that his counsel failed to inform him of some other defense, Foreman does not explain what this potential defense was or how it influenced his decision to plead guilty. This is insufficient to sustain a finding of ineffective assistance of counsel. *See Dyess*, 730 F.3d at 359.

unmeritorious.

Finally, Foreman argues that "[c]ounsel failed to inform [him] that the government could not use his self-incriminating statement at the Grand Jury and other proceedings. Counsel never informed Petitioner that the Fifth Amendment provides in pertinent part that no person shall be compelled in any criminal case to be a witness against himself." (ECF No. 238-1 at 19.) Foreman appears to take issue with his statements confessing that he committed the robberies. This argument likewise fails, because there is no indication that these statements were acquired in violation of the Fifth Amendment.[7] Further, the Plea Agreement, which Foreman signed, includes a statement that he "provided a voluntary, post-*Miranda* statement to law enforcement in which he admitted to his participation in each of" the robberies. (ECF No. 152 at 6.) The Court specifically asked whether Foreman had reviewed the information under the section "Factual and Advisory Guidelines Stipulation" (the section in which this statement is found); whether Foreman had reviewed that information with his counsel; and whether the information in that section was true. (ECF No. 213 at 32.) Foreman answered these questions in the affirmative. (*Id.*) In addition, Foreman indicated during his plea hearing that he understood that he would have had the right to testify during a trial, or to decline to testify and that any such declination could not be used against him. (ECF No. 213 at 27.) As noted above, statements made during a Rule 11 plea colloquy carry a presumption of truthfulness, and Foreman advances no evidence that to rebut this presumption. Therefore, none of Foreman's arguments relating to the knowing and voluntary nature of his plea

---

[7] Further undercutting Foreman's contention that his counsel was deficient in this regard is the fact that his counsel did file a motion to suppress statements and argued, *inter alia*, that the statements were obtained in violation of Foreman's Fifth Amendment rights. (ECF No. 55.) The Government responded, explaining that Foreman had been Mirandized and that the statements were voluntary. (ECF No. 117.) The Court found "no basis to conclude the dictates of *Miranda v. Arizona*, 384 U.S. 436 (1966), were violated or that the statements were involuntary; evidence shows proper procedures were followed, that no threats were made or force used, that Evan Foreman made a fully effective, knowing, and voluntary waiver of his rights, and that his statements were not involuntary." (ECF No. 118.)

provide a basis for his ineffective assistance of counsel claim.

### G. *Brady* Violation

Foreman argues that "the Prosecutor suppressed exculpatory and impeaching evidence causing prejudice," in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 238-1 at 21.) "In order to prove a *Brady* violation, the defendant has to meet three requirements: (1) the evidence must be favorable to the accused, (2) the government must have suppressed it, and (3) the defendant must suffer prejudice." *United States v. Hackley*, 164 F. App'x 301, 304 (4th Cir. 2006). To meet the prejudice prong, a defendant must "show that the suppressed evidence is material," meaning that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.*

Foreman has not met these requirements. He only provides a conclusory allegation that the Government suppressed evidence and that he suffered prejudice, but he does not explain what evidence he believes the Government has suppressed or how he suffered prejudice as a result. Further, it is not clear how Foreman contends his counsel was constitutionally ineffective as a result of the Government's purported *Brady* violation.

### H. Objections to Presentence Report

Foreman argues that his counsel should have objected to the Presentence Report on two bases: that it violated his Fifth Amendment rights and Amendment 709 to the U.S. Sentencing Guidelines. As discussed above, there is no merit to Foreman's Fifth Amendment claim. With respect to the Amendment 709 claim, Foreman argues that his "minor prior conviction[s] were used to sentence him under U.S.S.G. § 4B1.1 career offender." (ECF No. 238-1 at 24.) It is not clear how Foreman contends his criminal history points were incorrectly calculated. Further, Foreman's counsel vigorously litigated the issue of his career offender designation (*see, e.g.*, ECF

No. 212 at 16), and it is therefore not clear in what way Foreman's counsel was deficient in this respect. Moreover, the Court explained in sentencing Foreman that it would have sentenced him to the same sentence regardless of his career offender designation. (ECF No. 212 at 206.) Therefore, Foreman cannot show prejudice even if there were some miscalculation of his criminal history points.

### I. Appellate Counsel

Finally, Foreman asserts three theories of ineffective assistance of counsel by his appellate counsel. There is no merit to the substantive underlying claims and they therefore do not support Foreman's ineffective assistance of counsel claim.

First, Foreman argues that his counsel was ineffective for failing to invoke *Alleyne v. United States*, 570 U.S. 99 (2013) with respect to his § 924(c) conviction during the direct appeal. This argument does not provide a basis for relief. "*Alleyne* requires that allegations supporting a mandatory minimum term of imprisonment must be alleged in an indictment, and either admitted by a defendant at a guilty plea or found by a jury at trial." *Bias v. United States*, Crim. No. ELH-12-528, 2020 WL 6263187, at *5 (D. Md. Oct. 22, 2020) (citing *Alleyne*, 570 U.S. at 108). Here, Foreman received a seven-year term for "brandishing" and therefore Foreman was required to plead guilty to that element. *See Alleyne*, 570 U.S. at 117 ("Because the finding of brandishing increased the penalty to which the defendant was subjected, it was an element, which had to be found by the jury beyond a reasonable doubt."). Here, the Third Superseding Indictment specifically alleged that the petitioner had brandished a firearm during the October 27, 2010 robbery (ECF 82-1 at 19), and Foreman admitted to the crime of "brandishing" in the Plea Agreement. (*See* ECF No. 152 at 2 (Plea Agreement providing that Foreman "knowingly possessed and brandished a firearm"); *id.* at 6 ("The Defendant brandished a black, semi-automatic

Hi-Point .45 caliber pistol").)

Second, Foreman argues that his appellate counsel should have raised an argument pursuant to *Peugh v. United States*, 569 U.S. 530 (2013). In that case, the Supreme Court held that "there is an *ex post facto* violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense." *Id.* at 533. Foreman does not provide any explanation for this argument, nor does he specify what guidelines in his case violated the *Ex Post Facto* Clause. The Court has identified no *ex post facto* issue in Foreman's sentencing. This argument therefore does not provide any basis for relief.

Third, Foreman argues that his appellate counsel should have raised arguments pursuant to *Rosemond v. United States*, 572 U.S. 65 (2014). As Foreman notes, that case involved aiding and abetting a violation of § 924(c). (ECF No. 238-1 at 28); *see also Rosemond*, 572 U.S. at 67 ("We hold that the Government makes its case by proving that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission."). However, Foreman was not convicted under an aiding and abetting theory. He pleaded guilty to personally brandishing the firearm during the robbery.

Based on the forgoing, the Court finds that Foreman has not established the ineffective assistance of his appellate counsel.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from

the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted). Foreman does not satisfy the above standards. Accordingly, a certificate of appealability will not issue.

**IV.   Conclusion**

For the foregoing reasons, Foreman's § 2255 Motion (ECF No. 238) is DENIED.

DATED this __25__ day of March, 2024.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge